1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8  SHAWN A.,

9                              Plaintiff,          CASE NO. C19-1666-MAT

10        v.

11  ANDREW M. SAUL,                              ORDER RE: SOCIAL SECURITY
    Commissioner of Social Security,            DISABILITY APPEAL

12                              Defendant.

13

14         Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of

15  the Social Security Administration (Commissioner).   The Commissioner denied Plaintiff's

16  applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after

17  a hearing before an Administrative Law Judge (ALJ).  Having considered the ALJ's decision, the

18  administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

19                        **FACTS AND PROCEDURAL HISTORY**

20         Plaintiff was born on XXXX, 1978.[1]  He has a high school diploma and was enrolled in

21  college at the time of the administrative hearing, and previously worked as a cook and chef.  (AR

22

23  _____

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

1  44-45, 301.)

2        Plaintiff applied for DIB and SSI in June 2016.  (AR 235-44.)  Those applications were

3  denied and Plaintiff timely requested a hearing.  (AR 164-71, 174-79, 184-85.)

4        On June 12, 2018, ALJ Stephanie Martz held a hearing, taking testimony from Plaintiff

5  and a vocational expert (VE).  (AR 39-66.)  On September 25, 2018, the ALJ issued a decision

6  finding Plaintiff not disabled.  (AR 15-31.)  Plaintiff timely appealed.  The Appeals Council denied

7  Plaintiff's request for review on August 22, 2019 (AR 1-6), making the ALJ's decision the final

8  decision of the Commissioner.  Plaintiff appealed this final decision of the Commissioner to this

9  Court.

10                                    **JURISDICTION**

11        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

12                                     **DISCUSSION**

13        The Commissioner follows a five-step sequential evaluation process for determining

14  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

15  be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had not

16  engaged in substantial gainful activity since October 31, 2015, the alleged onset date.  (AR 18.)

17  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ

18  found severe Plaintiff's substance use disorder, personality disorder, anxiety disorder, and

19  depressive disorder.  (AR 18-21.)  Step three asks whether a claimant's impairments meet or equal

20  a listed impairment.  The ALJ found that Plaintiff's impairments did not meet or equal the criteria

21  of a listed impairment. (AR 21-23.)

22        If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

23  residual functional capacity (RFC) and determine at step four whether the claimant has

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 2

demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following nonexertional limitations: he can understand, remember and carry out simple, routine, repetitive tasks.  He can have occasional contact with the general public and can have incidental contact with coworkers, but should work independently, not on team or tandem tasks. He can adapt to routine changes in a work setting that requires simple, routine, and repetitive tasks.  (AR 23.)  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR 29.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative jobs, such as kitchen helper, laundry worker, and store laborer.  (AR 29-31.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting his subjective symptom testimony, (2)

1    assessing certain medical evidence and opinions, and (3) assessing the lay statements.[2]   The

2    Commissioner argues that the ALJ's decision is supported by substantial evidence and should be

3    affirmed.

        Subjective symptom testimony

4

5        The ALJ discounted Plaintiff's subjective allegations for a number of reasons: (1)

6    Plaintiff's allegations were inconsistent with the observations of treating and examining providers,

7    as well as the symptoms he reported to providers; (2) Plaintiff's activities were inconsistent with

8    the limitations he alleged; and (3) Plaintiff received minimal treatment for his mental health

9    conditions, which is inconsistent with the disabling limitations he alleged.  (AR 23-27.)  Plaintiff

10   argues that these reasons are not clear and convincing, as required in the Ninth Circuit.  *Burrell v.*

11   *Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  The Court will address each of the ALJ's reasons

12   in turn.

13   Inconsistencies between Plaintiff's allegations and provider observations

14       Plaintiff argues that the ALJ's first reason is insufficient because even if his own statements

15   varied at times, that variation represents fluctuations in his symptoms, rather than inaccuracies.

16   Dkt. 10 at 12.  Plaintiff further suggests that his allegations were consistent with his providers'

17   observations, but to the extent that his providers failed to document Plaintiff during symptom

18   flares, this was because he could not attend appointments when his symptoms were at their

19   maximum severity.  Dkt. 10 at 12-13.

20

21           [2] Plaintiff also challenges the ALJ's step-five findings, but raises no specific legal arguments in
     that section of his brief.  Dkt. 10 at 16-17.  He contends that the ALJ omitted limitations from the
22   hypothetical posed to the VE, but does not identify any of the purportedly omitted limitations.  To the extent
     that Plaintiff intended to refer to limitations included in the challenged medical opinions, the Court's
23   discussion of the challenged medical opinions will suffice to address this assignment of error.

     ORDER RE: SOCIAL SECURITY
     DISABILITY APPEAL
     PAGE - 4

Plaintiff's arguments fail to grapple with the ALJ's specific findings regarding inconsistencies between Plaintiff's allegations and the medical record. Specifically, the ALJ noted that medical providers documented concerns regarding Plaintiff's exaggeration and/or medication-seeking behavior, and that Plaintiff denied experiencing the symptoms he now contends are disabling. (AR 24 (citing AR 478-79, 484, 549, 561, 635, 642, 646, 650, 654, 658, 755-57, 712-17).) Furthermore, the ALJ also cited several mental status examinations showing that Plaintiff had minimal difficulty with that testing, which was inconsistent with his allegations of disabling concentration and memory problems. (AR 24-25 (citing AR 433, 480, 636, 642, 646, 650, 654, 658, 672, 695, 714, 733, 787, 789, 795, 797, 800).) The ALJ went on to explain that Plaintiff's most severe symptoms appeared to be connected with Plaintiff's situational stressors such as alcohol abuse or divorce, rather than representing his baseline functioning. (AR 25 (citing AR 411, 422, 432, 446, 460, 478-79, 561).)

Plaintiff has failed to show how these findings are either inaccurate or not supported by substantial evidence, and thus has failed to show that the ALJ erred in finding Plaintiff's allegations to be inconsistent with the medical record or in discounting his allegations on this basis. Although Plaintiff posits some alternative theories, he has not shown that the ALJ's assessment of the medical record is unreasonable and therefore erroneous. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

<u>Activities</u>

Plaintiff argues that the ALJ erred in finding that his school activities were inconsistent with his alleged limitations, because his school activities only lasted a few hours per day and he had many accommodations in order to be successful. Plaintiff also contends that his activities

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

1  were sporadic and difficult to complete, and thus do not undermine the reliability of his reporting.

2  Dkt. 10 at 13-14.

3        Plaintiff's briefing does not address all of the activities mentioned by the ALJ, nor do his

4  arguments apply to all of the inferences drawn by the ALJ.  The ALJ found, for example, that

5  Plaintiff's starting a new relationship during a period of sobriety contradicts his testimony that he

6  only spends time with family, and that he previously engaged in social activities only while

7  consuming alcohol.  (AR 26.)  The ALJ also found that Plaintiff's ability to work as a stand-up

8  comedian during the adjudicated period contradicted his allegations of problems being in public

9  or around large groups.  (*Id.*)  The ALJ further found that Plaintiff's ability to babysit his nephews

10 during the relevant period also shows that he retains the ability "to handle at least routine stressors

11 and responsibilities, and make simple judgments and decisions."  (*Id.*)  Plaintiff has not shown that

12 these specific findings of inconsistency are unreasonable, and thus has not shown that the ALJ

13 erred in finding his activities to be inconsistent with his allegations or in discounting his testimony

14 on this basis.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine

15 credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for

16 transferable work skills").

17 <u>Minimal treatment</u>

18       The ALJ noted that Plaintiff engaged in minimal mental health treatment, "essentially

19 seeking specific medications he described as the most beneficial[.]"  (AR 26-27.)  The ALJ also

20 noted that Plaintiff had offered no explanation (such as lack of access to care, side effects, or lack

21 of effective treatment) to justify his minimal treatment, and the ALJ thus found that his minimal

22 treatment was inconsistent with his allegations of "extremely limiting conditions and symptoms."

23 (AR 27.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 6

Plaintiff argues that it is inappropriate to reject a claimant's testimony based on lack of mental health treatment because mental illness is underreported and the mentally ill should not be penalized for the exercise of poor judgment in failing to seek treatment. Dkt. 10 at 14. But in this case, the ALJ pointed out how Plaintiff did seek medical attention to ask for medications, but did not seek treatment beyond that. (AR 26-27.) Plaintiff does not suggest that this finding is inaccurate or explain why the ALJ's inference was unreasonable, and therefore has failed to show error in this line of the ALJ's reasoning. *See, e.g.*, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment").

Because Plaintiff has failed to show error in the ALJ's reasoning regarding his subjective testimony, the Court affirms that portion of the ALJ's decision.

<u>Medical evidence</u>

Plaintiff challenges the ALJ's assessment of the opinions of R.A. Cline, Psy.D., and Sharon Clifner, MSN, ARNP. Dkt. 10 at 7-10. The Court will address each disputed opinion in turn.

<u>Legal standards</u>

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v.*

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

1   *Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ can reject the testimony of lay witnesses

2   only upon giving germane reasons.  *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

3   Dr. Cline

4           Dr. Cline examined Plaintiff in January 2017 and completed a DSHS form opinion

5   describing his symptoms and limitations.  (AR 782-86.)  Dr. Cline opined that most of Plaintiff's

6   functional limitations were at most moderate in severity, but that he had marked limitations in his

7   ability to communicate and perform effectively at work, maintain appropriate behavior at work,

8   and complete a normal workday/workweek without interruptions from his mental health

9   symptoms.  (AR 785.)

10          The ALJ noted that Dr. Cline did not review any records prior to rendering her opinion,

11  and that she cited exclusively Plaintiff's subjective self-reports in the section of her opinion that

12  described the severity of Plaintiff's conditions.  (AR 28.)  The ALJ also found Dr. Cline's

13  conclusions to be inconsistent with her mostly normal mental status examination. (*Id.*)  Lastly, the

14  ALJ found that Plaintiff's presentation to Dr. Cline (who noticed flat affect and poor eye contact)

15  was inconsistent with his presentation shortly thereafter (AR 789-92), and that Plaintiff's activities

16  (namely his success in college coursework) were also inconsistent with Dr. Cline's conclusions.

17  (AR 28.)  For all of these reasons, the ALJ gave little weight to Dr. Cline's opinion.  (*Id.*)

18          Plaintiff first argues that the ALJ erred in discounting Dr. Cline's opinion because Dr. Cline

19  only examined Plaintiff once.  Dkt. 10 at 8.  The ALJ did not discount Dr. Cline's opinion on that

20  basis, however: the ALJ noted that Dr. Cline did not have the opportunity to review records before

21  rendering her opinion (AR 782), and thus her conclusions were based entirely upon her

22  observations of Plaintiff during the one evaluation, along with Plaintiff's self-reporting.  An ALJ

23  properly considers the extent to which a medical source is familiar with a claimant's longitudinal

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

record.  *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).  Thus, Plaintiff has not shown error in the ALJ's finding regarding Dr. Cline's limited understanding of Plaintiff's record.

Next, Plaintiff argues that in finding that Dr. Cline's mental status examination was mostly normal, the ALJ overlooked Dr. Cline's references to Plaintiff's suicidal ideation, history of suicide attempts, and self-mutilation.  Dkt. 10 at 8.  The ALJ did, however, note that Dr. Cline referenced Plaintiff's reports of his psychiatric history (AR 28), referencing Plaintiff's reports of a history of suicidal ideation, suicide attempts, and pulling out his hair (AR 787).  Thus, it does not appear that the ALJ overlooked that part of Dr. Cline's findings, and Plaintiff has not shown that this portion of the findings necessitate different treatment by the ALJ.

Next, Plaintiff argues that the ALJ erred in finding that Dr. Cline relied on self-reports without explaining why she found that to be true.  Dkt. 10 at 8-9.  But the ALJ did explain why she believed that: she noted that in the "clinical findings" section of the opinion, Dr. Cline referenced only Plaintiff's self-report rather than any clinical observations.  (AR 28 (citing AR 784).)  Thus, the ALJ did not simply assume (as argued by Plaintiff (Dkt. 10 at 9)) that Dr. Cline specifically relied on Plaintiff's self-reporting rather than objective findings.

Lastly, Plaintiff argues that the ALJ erred in considering whether his presentation to Dr. Cline was similar to his presentation at another appointment because his symptoms wax and wane.  Dkt. 10 at 9-10.  Even if the ALJ did err in comparing Plaintiff's presentation on only two occasions, rather than in the context of the entire record, this error is harmless in light of the many other valid reasons the ALJ provided to discount Dr. Cline's opinion.  Accordingly, the Court affirms the ALJ's assignment of Dr. Cline's opinion.

Ms. Clifner

Ms. Clifner opined in July 2017 that Plaintiff required certain accommodations at school

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

based on his autism spectrum disorder.  (AR 820-21.)  The ALJ noted that the record contained several references to a "provisional" or "rule-out" diagnosis of autism spectrum disorder, but that these represent a hypothesis rather than a firm diagnosis.  (AR 19.)  The ALJ also noted that the only firm diagnoses of autism spectrum disorder were rendered by non-acceptable medical sources, and thus those opinions cannot support the existence of a medically determinable impairment under the regulations.  (*Id.*)

Plaintiff argues that the ALJ erred in finding that no acceptable medical source diagnosed autism spectrum disorder, because if Dr. Cline's provisional diagnosis is read alongside Ms. Clifner's diagnosis (AR 820), Ms. Clifner's opinion confirms Dr. Cline's hypothesis of an autism spectrum disorder.  Dkt. 10 at 10.  But Ms. Clifner did not review Dr. Cline's report or reference Dr. Cline's provisional diagnosis, and thus Plaintiff has not shown that there is any link between Ms. Clifner's diagnosis and Dr. Cline's provisional diagnosis.  Under these circumstances, Plaintiff has not pointed to a firm diagnosis rendered by an acceptable medical source in the record, and thus has not shown that the ALJ erred in finding that autism spectrum disorder was not a medically determinable impairment.  *See* 20 C.F.R. §§ 404.1521, 416.921 ("Your impairment(s) must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source."); 20 C.F.R. §§ 404.1502, 416.902 (defining "acceptable medical source").  As a result, the ALJ did not err in discounting Ms. Clifner's opinion as related to a condition that is not medically determinable for purposes of Plaintiff's disability application.

Moreover, the ALJ also discounted Ms. Clifner's opinion as inconsistent with Plaintiff's longitudinal record, which showed minimal mental health symptoms, and Plaintiff's activities,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

specifically his ability to work as a stand-up comedian.  (AR 28.)  Plaintiff provided no challenge to these lines of reasoning, and thus has failed to show harmful error in the ALJ's assessment of Ms. Clifner's opinion.

Lay evidence

The record contains third-party function reports written by Plaintiff's partner, Laura Crawford, and his mother, Debra Smith.  (AR 289-96, 338-45.)  The ALJ summarized their statements and found them to be inconsistent with Plaintiff's performance on mental status examinations, the minimal observations of psychiatric symptoms, and Plaintiff's activities.  (AR 27.)

As discussed above, an ALJ's reasons to discount a lay statement must be germane.  *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness.").  Plaintiff argues that the ALJ's reasons for discounting Ms. Crawford's and Ms. Smith's reports were not germane, and that because the reports of Ms. Crawford and Ms. Smith are consistent with Plaintiff's own reports, the deficiencies in the ALJ's reasoning with respect to Plaintiff's testimony also imply deficiencies as to the lay statements.  Dkt. 10 at 15-16.

Plaintiff has failed to show error in the ALJ's assessment of the lay statements.  The ALJ pointed to medical evidence contradicting the lay witnesses' statements regarding the impact of Plaintiff's panic attacks, and explained how Ms. Crawford's statement that Plaintiff required specific directions in order to be able to complete simple household chores was inconsistent with his ability to maintain a 3.76 GPA in college.  (AR 27.)  These reasons are germane.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 11

Furthermore, to the extent that Plaintiff concedes that the lay statements are similar to his own testimony, the ALJ's valid reasons to discount Plaintiff's testimony (as discussed *supra*) bolster rather than undermine the ALJ's assessment of the lay statements. *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 693-94 (9th Cir. 2009). For all of these reasons, the Court affirms the ALJ's discounting of the lay statements.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>24th</u> day of April, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 12